IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David Richard Walker, Jr., #188417 ) | C/A No. 8:16-815-JMC-JDA |
| ) | |
| Plaintiff, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| vs. ) | |
| ) | |
| Brian "Jay" Koon, Sheriff; ) | |
| Kevin Jones, Major, ) | |
| both of Lexington County Sheriff's Department ) | |
| e.g. Lexington County Detention Center, ) | |
| ) | |
| Defendants. ) | |
| ) | |

David Richard Walker, Jr. ("Plaintiff"), proceeding pro se, brings this civil action pursuant to 42 U.S.C. § 1983. Plaintiff is detained in the Lexington County Detention Center ("LCDC"), and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint is subject to summary dismissal.

## **BACKGROUND**

Plaintiff alleges this action concerns the guidelines for vegan and vegetarian diets and religious diets. [Doc. 1.] He sues the Lexington County Sheriff and a major with the Lexington County Sheriff's Department because they allegedly are the supervisors and administrators in charge of the Lexington County Detention Center. [*Id.*] Plaintiff seeks injunctive relief to change certain policies related to diets and religious diets. [*Id.*]

Specifically, Plaintiff seems to allege that detainees cannot receive a vegan or vegetarian diet simply by requesting it unless it is related to their religion. [*Id.*] He contends that a vegan or vegetarian diet can be a religion by themselves. [*Id.*] He seems to take issue with the Defendants requiring that a vegan or vegetarian diet be part of another named religion. [*Id.*]

Plaintiff also alleges that the Defendants' questionnaire related to which religion a detainee is trying to participate in is very difficult to answer and should not be required because everyone is new to a religion some where in time. [*Id.*] He seems to contend that by refusing to provide vegan or vegetarian diets because the questionnaire was not completed fully or accurately the Defendants are violating the Constitution. [*Id.*]

Throughout the Complaint, Plaintiff alleges that he brings this action on behalf of all detainees in the Lexington County Detention Center so that any person seeking to be provided a religious diet to include vegan or vegetarian may receive it whether or not he properly completes the questionnaire. [*Id.*] He requests an order from this Court that "all inmates" who seek to receive a special diet (that sometimes can be religious, for example, a vegetarian and especially a vegan diet) be granted the requests. [*Id.*]

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1)

it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501 (2012). To state a

claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Although Plaintiff alleges that certain policies at the Lexington County Detention Center are unconstitutional, Plaintiff lacks standing to bring this action. Plaintiff seeks to challenge the alleged policies on behalf of all detainees. However, the pro se Plaintiff lacks standing to sue on behalf of other detainees. *See Hummer v. Dalton*, 657 F.2d 621, 625-626 (4th Cir. 1981) (a prisoner cannot act as a "knight-errant" for others); *Oxendine v. Williams*, 509 F.2d 1405, 1407 & n.* (4th Cir. 1975) (a pro se prisoner unassisted by counsel cannot be an advocate for others in a class action); *Inmates v. Owens*, 561 F.2d 560, 562-563 (4th Cir. 1977) (one pro se inmate does not have standing to sue on behalf of another inmate); *see also Myers v. Loudon Cnty. Pub. Sch.*, 418 F.3d 395, 401 (4th Cir. 2005) (finding that a pro se person's right to litigate for *oneself* does not create a similar right to litigate on behalf of others). Accordingly, this action should be dismissed due to Plaintiff's lack of standing to represent others.

## **RECOMMENDATION**

It is recommended that the District Court dismiss this action without prejudice and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). Further, it is recommended that Plaintiff's motion

seeking appointment of counsel [Doc. 3] be denied as moot.  **Plaintiff's attention is directed to the important notice on the next page.**

April 11, 2016                                                              S/Jacquelyn D. Austin
Greenville, South Carolina                                      United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).