# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| David Richard Walker, Jr., ) | Civil Action No. 8:16-cv-00815-JMC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.   ) | **ORDER AND OPINION** |
| ) | |
| Brian "Jay" Koon, Sherriff; ) | |
| Kevin Jones, Major, ) | |
| Both of Lexington County Sherriff's Dept. ) | |
| E.g. Lexington County Detention Center, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff, proceeding *pro se*, brings this action, (ECF No. 1), pursuant to 42 U.S.C. §1983. Plaintiff is detained in the Lexington County Detention Center ("LCDC"), and he filed this action *in forma pauperis* under 28 U.S.C. § 1915. Plaintiff requests an order from this court that "all inmates" who seek to receive a special diet (that can sometimes be religious, for example, a vegetarian and especially a vegan diet) be granted the request.

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 11), filed on April 11, 2016, recommending that Plaintiff's action, (ECF No. 1), be dismissed without prejudice and without issuance and service of process. The court **ADOPTS** the Magistrate Judge's Report, (ECF No. 11), **DISMISSES** this action without prejudice and without issuance and service of process. (ECF No. 1.) Additionally, the court **DENIES** the Motion for Leave to File an Amended Complaint. (ECF No. 13.) Furthermore, the court **DENIES** Plaintiff's Motion to Appoint Counsel, (ECF No. 3), and **DENIES** Plaintiff's Motion for Copies at No Expense. (ECF No. 18.)

1

## I. RELEVANT FACTUAL BACKGROUND

Plaintiff is a detainee in the Lexington County Detention Center and seeks injunctive relief to change certain policies related to diets and religious diets. Plaintiff asserts that Defendants Brian "Jay" Koon, Sherriff of LCDC, and Kevin Jones, major, have violated his First Amendment rights stating (1) that detainees cannot receive a vegan or vegetarian diet without the presence of a religion, and (2) that a vegan or vegetarian diet can be a religion by itself.

Furthermore, Plaintiff also alleges that Defendants' questionnaire related to which religion a detainee is trying to participate in is very difficult to answer and should not be required based on the concept that "everyone is new to a religion somewhere in time."(ECF No. 1 at 7.) Plaintiff asserts that the refusal to provide vegan or vegetarian diets because the questionnaire was not completed fully or to the level of accuracy required by Defendants is a violation of the Constitution. Lastly, Plaintiff alleges that he brings this action on behalf of all detainees in the Lexington County Detention Center so that any person seeking to be provided a religious diet to include vegan or vegetarian may receive it whether or not they sufficiently complete the questionnaire.

On April 11, 2016, the Magistrate Judge issued the Report, which recommended summary dismissal of Plaintiff's claims against the Defendants. (ECF No. 11.) In the Report the Magistrate Judge explained that Plaintiff lacked the necessary standing in order to bring this type of claim on behalf of all detainees. In response to this Report, Plaintiff filed a Motion for Leave to File an Amended Complaint in which he amended his Complaint to name himself as the sole litigant in the case. (ECF No. 13.) Plaintiff subsequently filed an objection to the Report, specifically concerning the standing issue, in which he referenced his Amended Complaint in which he was listed as sole litigant. (ECF No. 14.)

## II. LEGAL STANDARD

The Magistrate Judge's Report was made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, and the recommendation has no presumptive weight—the responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

This court is required to liberally construe pro se documents, *Estelle v. Gamble*, 429 U.S. 97, 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5 (1980). Even under this less stringent standard, however, Plaintiff's Complaint is subject to summary dismissal. The mandated liberal construction afforded pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't. of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## III. ANALYSIS

The Magistrate Judge recommends that Plaintiff's action be dismissed without prejudice and without issuance and service of process. Plaintiff states in his Complaint that he seeks to

3

challenge the alleged policies on behalf of all detainees, however, Plaintiff lacks standing to sue on behalf of all other detainees. *See Myers v. Loudon Cnty. Pub. Sch.*, 418 F.3d 395, 401 (4th Cir. 2005) (finding that a pro se person's right to litigate for oneself does not create a similar right to litigate on behalf of others).

Plaintiff appears to object to the Magistrate Judge's Report concerning the issue of standing and within his specific objection he references his Motion for Leave to File an Amended Complaint. (ECF No. 13.) Within his Amended Complaint, Plaintiff has stated that he in fact wishes to be the sole litigant in the case, and retracts the portion of the Complaint concerning his desire to represent all detainees. *Id.* After reviewing Plaintiff's Amended Complaint, the court agrees with the Magistrate Judge's recommendation of dismissal and for independent reasons finds that Plaintiffs amended complaint against Defendants Koon and Jones lacks an arguable basis in law or fact. While Plaintiff's Amended Complaint does in fact resolve the issues concerning standing, it fails to state a claim upon which relief can be granted and therefore summary dismissal is still appropriate.

Summary dismissal of a prisoner complaint is required under the Prison Litigation Reform Act ("PLRA") where the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted. *McLean v. United States*, 556 F.3d 391, 394 (4th Cir. 2009) (citing 28 U.S.C. § 1915A.) In light of this requirement, the court dismisses Plaintiff's claims against Defendants.

To establish a § 1983 claim, Plaintiff must demonstrate a violation of a right secured by the Constitution or laws of the United States and that the violating party is a state actor operating under the color of the law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Under the Free Exercise Clause of the First Amendment, an inmate has a "'clearly established right ... to a diet consistent

4

with his ... religious scruples.' " *Lovelace v. Lee,* 472 F.3d 174, 201 (4th Cir.2006) (quoting *Ford v. McGinnis,* 352 F.3d 582, 597 (2d Cir.2003)). As such, prison officials violate "this clearly established right if [they] **intentionally** and without sufficient justification den[y] an inmate his religiously mandated diet." *Id.* at 199 (emphasis added.)

Plaintiff has failed to illustrate in either his original Complaint or his Amended Complaint that Defendants are actually aware of his dietary and religious requests, and therefore cannot be held liable for this alleged First Amendment violation as they lack the requisite intent. Within Plaintiff's original Complaint, he states that while there is an administrative remedy available within the LCDC, he has failed to file a grievance within the facility against Defendants. (ECF No. 1 at 2.) Absent a formal grievance, or some sort of allegation within the record that Defendants have been alerted to Plaintiff's requests, there is no way that Defendants could have acted with the requisite intent needed to violate Plaintiff's First Amendment in this context.

## IV. CONCLUSION

After a thorough review of the Report and the record, the court adopts the Magistrate Judge's Report (ECF No. 11) and **DISMISSES** this action without prejudice and without issuance and service of process. Additionally, the court **DENIES** Plaintiff's Motion for Leave to File an Amended Complaint (ECF No. 13), **DENIES** Plaintiff's Motion to Appoint Counsel (ECF No. 3), and **DENIES** Plaintiff's Motion for Copies at No Expense (ECF No. 18).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

August 5, 2016
Columbia, South Carolina